JOHNSON, Chief Judge.
This is an appeal from a final decree of divorce in which the minor children were awarded to the mother, appellant herein, with stated sums of money to be paid by the appellee-father, for support of each child.
No mention of alimony was made m the final decree and neither did the court express a finding of with whom the equities existed.
The appellant assigned as error, only the failure to allow alimony.
By order of the lower court no part of the evidence pertaining to the grounds and proofs on the divorce proper was transcribed and furnished as a part of the record. The only portion of the evidence transcribed and furnished this court in the record pertains to property and income of the parties. Therefore, we have no record of facts from which we may determine what other, if any, factors, were considered by the trial court in entering the final decree of divorce, without making any adjudication as to alimony or the equities of the respective parties.
*115 We are cognizant of the trial court’s comment with regard to the fact that the time has come when it’s as important for a woman to work as it is a man, but under the decisions of our Supreme Court, this may be one of the factors in determining the amount of alimony, if any, but the trial court should not overlook the necessity of the mother of a young child eating also and she should not be required to obtain her slice of bread from the loaf of one of her children furnished by the father pursuant to a court mandate. In the case sub judice we are not in a position to render an opinion on the error or correctness of the decree in making no reference to alimony, because of the lack of a record. What record we do have indicates that the court should give some consideration of alimony or support to the wife, but we do not pass on the contentions of the appellant with reference to alimony inasmuch as the ultimate question of wherein lie the equities of the parties, as may be determined by the trial court, might have a direct bearing on these aspects of the final decree. This cause must be reversed and remanded in view of the holding of our Supreme Court in the case of Friedman v. Friedman, 100 So.2d 167 (Fla.1958), for the lower court to correct its final decree, by adjudicating wherein lie the equities, and we can only suggest that the lower court give due consideration to the suggestions supra, as the same relates to alimony, not losing sight of the fact that there are minor children who need the mother’s presence, if practical, and her need for sustenance.
Reversed and remanded, under authority of Friedman v. Friedman, supra.
SPECTOR, J., concurs.
RAWLS, J., concurs specially.